UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY AUGUSTA LEE,

    Petitioner,

v.                                              Case No: 6:17-cv-1158-Orl-28KRS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL

Petitioner Larry Augusta Lee ("Petitioner" or "Lee") initiated this action by filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Motion to Vacate") (Doc. 1, filed June 22, 2017). The United States filed a response in opposition to the Motion to Vacate (Doc. 12), and Lee filed a reply (Doc. 17). After due consideration, the Court finds that Lee's Motion to Vacate should be dismissed as time-barred or, alternatively, denied on the merits.

### I.    Background and Procedural History[1]

On November 25, 2014, a grand jury indicted Lee on one count of attempting to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Cr. Doc. 15). Lee entered into a written plea agreement with the government in

---

[1] Docket entries in Lee's underlying criminal case, 6:14-cr-268-JA-KRS-1, will be cited as (Cr. Doc.).

which he pleaded guilty to the sole count of the indictment, and the government agreed not to charge him with any other federal criminal offenses relating to the conduct giving rise to the plea agreement (Cr. Doc. 38). The government also agreed to recommend a downward adjustment to his sentencing level for acceptance of responsibility under §§ 3E1.1(a) and (b) of the United States Sentencing Guidelines ("USSG" or "Guidelines"); to recommend that Lee receive a sentence at the low end of the applicable Guidelines range; and to consider filing a motion for a downward departure from the applicable Guidelines range under USSG § 5K1.1 (*Id.*).

Based upon Lee's prior convictions for fleeing or attempting to elude a police officer,[2] the sale of cocaine, and the possession of cocaine with the intent to sell or deliver it, the probation office determined that Lee was a career offender as defined in USSG § 4B1.1 (Cr. Doc. 49, PSR at ¶ 31). Lee's Guidelines sentence range was 188 to 235 months (PSR at ¶ 93; Cr. Doc. 58 at 5). The Court granted a five-level reduction for substantial assistance under USSG § 5K1.1, and sentenced Lee to 120 months in prison (Cr. Doc. 55, Cr. Doc. 58 at 27). Lee did not file a direct appeal (Cr. Doc. 57).

Subsequently, Lee filed his Motion to Vacate in which he asserts that his prior drug convictions are invalid for enhancement purposes and that he should be resentenced in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016).

---

[2] At sentencing, the government agreed that this no longer qualified as a violent felony and the Court did not consider that conviction for purposes of enhancement (Cr. Doc. 58 at 4-5).

## II. Analysis

### a. Lee's 28 U.S.C. § 2255 motion is time-barred

Generally, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In Lee's criminal case, judgement was entered on July 17, 2015 (Cr. Doc. 55). Because he did not file a direct appeal, Lee's conviction became final fourteen days later (July 31, 2015), when his time for filing a direct appeal expired. *See Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999); Fed. R. App. P. 4(b)(1)(A)(1). Therefore, Lee was required to seek § 2255 relief before August 1, 2016. However, he did not sign his Motion to Vacate until June 16, 2017, more than ten months late (Doc. 1 at 12).

Lee acknowledges that his Motion to Vacate is untimely under 28 U.S.C. § 2255(f)(1), but asserts that a recent United States Supreme Court decision triggered the start of a new one-year limitations period under 28 U.S.C. § 2255(f)(3).[3] Specifically, Lee argues that his Motion to Vacate is timely because he raises a right to relief based upon *Mathis v. United States*, which was decided by the Supreme Court on June 23, 2016—giving him through June 23, 2017 to file his petition (Doc. 1-1 at 2).[4] Lee claims that, in

---

[3] Section 2555(f)(3) provides a limitation starting date as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).

[4] In *Mathis*, the Supreme Court explained how courts are to interpret and apply the enumerated offenses provision of the Armed Career Criminal Act of 1984 ("ACCA") when the proposed predicate conviction is based on a state statute with "disjunctive phrasing" that raises the issue as to whether the statute aligns precisely with the generic offense as intended by Congress. 136 S. Ct. at 2249, 2253. The Court specifically held that

3

light of *Mathis*, he is entitled to consideration of the merits of his claims. This argument fails for two reasons.

First, unlike Mathis, Lee was not sentenced under the ACCA. Rather, because he had two prior convictions for drug offenses, Lee qualified as a career offender under § 4B1.1 of the Guidelines. The *Mathis* decision did not apply to Guidelines sentences. Next, even if Lee could show that the analysis in *Mathis* applied to his career offender enhancement, he has not shown that *Mathis* established "a newly recognized right" that would initiate a one-year period under § 2255(f)(3) to file his Motion to Vacate. To the contrary, the Eleventh Circuit has specifically held that *Mathis* did not announce a new rule of constitutional law; rather it merely provided guidance to courts in interpreting an existing criminal statute. *In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) ("[T]he Supreme Court's holding in *Mathis* did not announce a 'new rule of constitutional law.'"); *Williams v. United States*, No. 17-12822-G, 2017 WL 6607198, at *1 (11th Cir. Nov. 29, 2017) (recognizing that "the district court properly determined that *Mathis* did not trigger a new statute of limitations that would have cured the [§ 2255] motion's time-bar."). Thus, Lee cannot utilize *Mathis* to circumvent § 2255's one-year statute of limitations.

Nor is Lee entitled to equitable tolling. Equitable tolling is available only when a petitioner establishes both extraordinary circumstances that prevented timely filing and due diligence. *Diaz v. Sec'y, Fla. Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also*

---

Mathis' burglary convictions under Iowa law could not give rise to an ACCA sentence because the elements of the Iowa burglary law were broader than those of generic burglary under the ACCA. *Id.* at 2257.

4

*Holland v. Florida*, 560 U.S. 631 (2010) (recognizing that a petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent timely filing).

Petitioner argues that he is entitled to equitable tolling because Respondent was late in filing its response to his Motion to Vacate, and the Court granted the government an extension of time to respond (Doc. 17 at 2). This argument is illogical. Respondent's tardiness—which was caused by a failure of the Court's electronic filing system to electronically mail documents to the United States Attorney's Office—occurred after the Motion to Vacate was filed and could not have prevented Petitioner's timely filing (Doc. 6). Lee has presented no viable argument to excuse his failure to timely pursue his Motion to Vacate, and his challenges to his federal sentence are, therefore, time-barred.

### b. Lee's prior convictions under Florida Statute § 893.13 are controlled substance offenses under the United States Sentencing Guidelines

Even if the Motion to Vacate was not untimely, it would fail on its merits. Petitioner asks this court to " 'extend' the Supreme Court's holding in *Mathis*" to his Florida drug convictions under Florida Statute § 893.13 (Doc. 1-1 at 7). He appears to rely on a Fifth Circuit Court of Appeals opinion addressing a Texas statute applicable to the delivery of heroin to argue that Florida's drug statute (§ 893.13) is indivisible (*Id.* at 6) (citing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)).

A defendant convicted of a violent crime or a controlled substance offense is a career offender under § 4B1.1(a) if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). The Guidelines

5

define a "controlled substance offense" as "an offense . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Lee has prior convictions for both selling cocaine and possession of cocaine with the intent to sell or deliver it under Florida Statute § 893.13 (1)(a)(1). Nothing in *Mathis* or *Hinkle* suggests that the sale of cocaine or the possession of cocaine with the intent to sell or deliver it under Florida Statute § 893.13 are no longer controlled offenses under USSG § 4B1.2. As such, Lee was properly sentenced as a career offender under the Guidelines. *See United States v. Hill*, 652 F. App'x 835, 836 (11th Cir. 2016) (sale of cocaine qualifies as career offender predicate controlled substance offense); *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (recognizing that a conviction under Florida Statute § 893.13(1) is both a serious drug offense under 18 U.S.C. § 924(e)(2)(A) and a controlled substance offense under USSG § 4B1.2(b)); *United States v. Pridgeon*, 853 F.3d 1192, 1198 (11th Cir. 2017) (the defendant's convictions under § 893.13 "qualify as predicate 'controlled substance offenses' for purposes of the career offender enhancement").

Any of Lee's allegations not specifically addressed herein have been found to be either time-barred or without merit. Because the claim raised in the Motion to Vacate is either time-barred, procedurally barred, contrary to law, or affirmatively contradicted by the record, an evidentiary hearing is not required. *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required

6

where the petitioner's allegations are affirmatively contradicted by the record.") (quoting *Guerra v. United States*, 588 F.2d 519, 520-21 (5th Cir. 1979)).

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Lee's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred or, alternatively, **DENIED**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

3. The **Clerk of the Court** is further directed to file a copy of this Order in criminal case number 6:14-cr-268-Orl-28KRS and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. Doc. 61) pending in that case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 374 (2000)) or, that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted). Lee has not made the requisite showing in these circumstances.

7

Because Lee is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Orlando, Florida on September 14, 2018.

                                              JOHN ANTOON II
                                              UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
SA: OrlP-4